**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Activator Methods International, Ltd., an Arizona corporation,

Plaintiff,

vs.

Future Health, Inc., an Iowa corporation; Future Health, Inc., a Delaware corporation; Steven Kraus and Jane Doe Kraus, husband and wife,

Defendants.

No. CV-11-1379-PHX-GMS

**ORDER**

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 12). For the reasons discussed below, the Motion is denied.

**BACKGROUND**

Plaintiff Activator Methods International, Ltd. provides "chiropractic care, resources, and training" through its Activator Method technique and mechanical force instrument, the Activator APP. (Doc. 1 at ¶¶16–17). Plaintiff alleges that Defendant Steven Kraus owns or operates Defendant Future Health Inc., a Delaware corporation ("FHD") and that he owned or operated Defendant Future Health Inc., an Iowa corporation ("FHI"). (*Id.* at ¶¶3, 6). Plaintiff sues Defendants for breach of contract and trademark infringement. (*Id.* at ¶¶49–89). Defendants Steven Kraus and Jill Kraus (named as "Jane Doe Kraus"), a married couple (collectively "Defendants Kraus" or "Krauses"), bring this Motion.

Plaintiff and Defendant FHI entered into a business relationship on August 6, 2010 by signing the Shared Revenue Partnership Agreement ("SRPA").[1] (Doc. 1 at ¶25). Steven Kraus negotiated and signed the SRPA in Arizona as the Chief Executive Officer of FHI. (*Id.* at ¶¶10–11; Doc. 1, Ex. 1). The SRPA licensed Defendant FHI to market Plaintiff's software program, develop Plaintiff's software application, and use Plaintiff's trademarks with written approval. (*Id.* at ¶¶26–28). In return, Plaintiff required FHI to pay various fees including a percentage of sales, uses, and licenses of the Activator APP product. (*Id.* at ¶¶32–34). If FHI was late or failed to pay its fees, Plaintiff reserved the right to terminate the SRPA. (*Id.* at ¶35).

According to the Complaint, Defendant FHI sold the Activator APP but failed to pay the sales fees and the minimum yearly fee of $40,000. (Doc. 1 at ¶¶43–44). Plaintiff terminated the SRPA on May 25, 2011 and gave FHI ten days to pay all fees. (*Id.* at ¶45). Defendant continued to use Plaintiff's trademarks in violation of the SRPA. (*Id.* at ¶48).

It is undisputed that Defendant FHI is no longer an active corporation. (Doc. 1 at ¶2; Doc. 11 at ¶1). It is also undisputed that Defendant FHD was incorporated on May 18, 2011, a week before Plaintiff terminated the SRPA. (Doc. 1 at ¶5; Doc. 11 at ¶1). Both parties agree that Defendant FHD "is a successor in interest to Future Health IA." (Doc. 1 at ¶8; Doc. 11 at ¶1). Plaintiff alleges that Defendants Kraus created FHD "to avoid the obligations of [FHI]." (Doc. 1 at ¶7).

Plaintiff brings six counts in this action against Defendants Kraus and Future Health. Plaintiff alleges breach of contract, breach of implied covenant of good faith, unjust enrichment, demand for accounting, federal trademark infringement, and common law trademark infringement. (Doc. 1 at ¶¶49–89). Defendants Steven and Jane Kraus move to dismiss Plaintiff's claims for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

---

[1]Plaintiff attaches the SRPA as Exhibit 1 to the Complaint.

## DISCUSSION

### I. Legal Standard

#### A. Personal Jurisdiction

When a court resolves a motion to dismiss without holding an evidentiary hearing, plaintiff "need make only a prima facie showing of jurisdictional facts to withstand the motion." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *see Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989). That is, the plaintiff "need only demonstrate facts that if true would support jurisdiction over [defendant]." *Ballard*, 65 F.3d at 1498.

Federal district courts determine personal jurisdiction over parties based on the forum state's laws. *Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir. 1984). Arizona's long-arm statute applies to this case. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995); Ariz. R. Civ. P. 4.2(a). According to Arizona Rule of Civil Procedure 4.2(a), a court in Arizona "may exercise personal jurisdiction over parties . . . to the maximum extent permitted by the Constitution."

The Due Process Clause requires that nonresident defendants have certain "minimum contacts" with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Ninth Circuit applies a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject him to the state's specific jurisdiction. Personal jurisdiction exists if: (1) the defendant purposefully directed tortious activities at the forum or a resident thereof or performed some act by which he purposefully availed himself of the privileges of conducting activities in the forum, (2) the claims arise out of or result from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

#### B. Alter Ego Doctrine

When a plaintiff sues both the corporation and an officer, director, or shareholder of

that corporation, and the court has personal jurisdiction over the defendant corporation, the individual defendant is "held liable for the torts of the corporation" if the plaintiff shows that "(1) [the individual] authorized or participated in the actions or (2) the corporation is [the individual's] alter ego." *Maloof v. Raper Sales, Inc.*, 113 Ariz. 485, 488, 557 P.2d 522, 524 (1976); *see Rhoads v. Harvey Publications, Inc.*, 124 Ariz. 406, 408, 604 P.2d 670, 672 (App. 1979). "Under an alter ego theory, plaintiff[] must prove (1) unity of control and (2) that observance of the corporate form would sanction a fraud or promote injustice." *Gatecliff v. Great Republic Life Ins. Co.*, 170 Ariz. 34, 37, 821 P.2d 725, 728 (1991) (citing *Dietel v. Day*, 16 Ariz. 206, 208, 492 P.2d 455 (App. 1972)).

Unity of control means there "is such a unity of interest and ownership that the personalities of the corporation and the owners cease to exist." *Bischofshausen, Vasbinder, & Luckie v. D.W. Jaquays Min. & Equip. Contractors Co.*, 145 Ariz. 204, 208–09, 700 P.2d 902, 906–07 (App. 1985) (quoting *Ize Nantan Bagowa, Ltd. v. Scalia*, 118 Ariz. 439, 442, 577 P.2d 725, 728 (App. 1978)).

> Unity of control is shown where the parent corporation exercised "substantially total control over the management and activities of" the subsidiary. Factors establishing "substantially total control" include: stock ownership by the parent; common officers or directors; financing of subsidiary by the parent; payment of salaries and other expenses of subsidiary by the parent; failure of subsidiary to maintain formalities of separate corporate existence; similarity of logo; and plaintiff's lack of knowledge of subsidiary's separate corporate existence.

*Taeger v. Catholic Family & Cmty. Services*, 196 Ariz. 285, 297, 995 P.2d 721, 733 (App. 1999) (internal citations omitted); *see Honeywell, Inc. v. Arnold Const. Co.*, 134 Ariz. 153, 159, 654 P.2d 301, 307 (App. 1982) (corporation was not an alter ego when there was no "commingling of personal and corporate funds . . . nor evidence presented that [shareholders] diverted corporate property for their personal use[, and] [t]he formalities of corporate meetings were observed and books were kept in some form of order."); *see also Chapman v. Field*, 124 Ariz. 100, 103, 602 P.2d 481, 484 (1979) (quoting *Ferrarell v. Robinson*, 11 Ariz. 473, 476, 465 P.2d 610, 613 (App. 1970) (corporation was not an alter ego when "there

was no substantial evidence of intermingling of corporate and personal assets . . . or that the corporate structure was in any way used for other than legitimate corporate purposes.”).

### C. Prima Facie Showing

When “there is no evidentiary hearing, a plaintiff need only make a prima facie showing of personal jurisdiction . . . [meaning] evidence sufficient to avoid a directed verdict. However, plaintiffs cannot ‘simply rest on the bare allegations of the complaint, but are rather required to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.’” *Planning Group of Scottsdale, L.L.C. v. Lake Mathews Minerals Property, Ltd.*, 224 Ariz. 306, 312, 230 P.3d 365, 371 (App. 2010) ((opinion vacated on other grounds by *Planning Group of Scottsdale, L.L.C. v. Lake Mathews Minerals Property*, 226 Ariz. 262, 246 P.3d 343 (2011)) (quoting *Macpherson v. Taglione*, 158 Ariz. 309, 311–12, 762 P.2d 596, 598–99 (App. 1988))) (internal citations and quotations omitted). “[U]ncontroverted allegations in plaintiff’s complaint must be taken as true.” *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)). “If there are conflicting facts in the affidavits and pleadings, the facts are decided in the plaintiff’s favor.” *Arizona Til, L.L.C. v. Berger*, 223 Ariz. 491, 493, 224 P.3d 988, 990 (App. 2010); *see generally Bancroft*, 223 F.3d at 1087. “Once the plaintiff makes a prima facie showing of jurisdiction, ‘the burden is on the defendant to rebut that argument.’” *Macpherson v. Taglione*, 158 Ariz. 309, 312, 762 P.2d 596, 599 (App. 1988) (internal citations and quotations omitted). “In cases where a plaintiff survives the motion to dismiss under a prima facie burden of proof, the plaintiff still must prove the jurisdictional facts by a preponderance of evidence at a preliminary hearing or at trial.” *Patterson v. Home Depot, USA, Inc.*, 684 F. Supp. 2d 1170, 1175 (D. Ariz. 2010) (citing *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir.1977)).

## II. Analysis

This Court has personal jurisdiction over both Defendants Steven and Jill Kraus because Plaintiff pleads sufficient facts in its Complaint for a prima facie showing that

Defendant Future Health is their alter ego. Defendants concede that this Court has personal jurisdiction over Defendant Future Health. (Doc. 11 at ¶7). Defendants Kraus are liable for the corporation's torts when Plaintiff pleads facts, that if true, show that they either (1) authorized or participated in tortious conduct or (2) the corporation is their alter ego. *Maloof*, 113 Ariz. at 488. Plaintiff has plead sufficient facts in its Complaint to meet the two requirements to show that Future Health is the Krauses' alter ego.

**A. Unity of Control**

Plaintiff's Complaint alleges sufficient facts to show there is unity of control between the Krauses and Future Health. Plaintiff alleges (1) that Defendant Steven Kraus owns or operates FHD and owned or operated FHI and (2) that the Krauses breached binding agreements and "usurp[ed] what should be maintained as corporate assets." (Doc.1 at ¶¶3, 6, 11). Defendant Steven Kraus also negotiated and signed the SRPA in Arizona. (*Id.* at ¶¶10–11; Doc. 1, Ex. 1).

The Krauses' Reply argues that because there are controverted facts or facts in dispute between Plaintiff's Complaint and Steven Kraus's affidavit, and Plaintiff has not alleged facts in sworn documents, Plaintiff's facts in the Complaint cannot be taken as true. (Doc. 14 at 4:1–13; 4:22–5:2). Although Plaintiff is required to bring forth evidence rather than simply relying on its Complaint, Plaintiff's facts in the Complaint which are not directly contradicted by Defendant's affidavit are still taken as true. *Schwarzenegger*, 374 F.3d at 800. Defendant's affidavit only includes two assertions that, if true, would controvert Plaintiff's allegations for unity of control. He alleges he does not "unilaterally control" Future Health and that he and his wife are not the sole shareholders of Future Health. (Doc. 12, Ex. 1 at ¶¶8–9).

Steven Kraus's bare assertion that he does not unilaterally control the corporation is merely a conclusion. (Doc. 12, Ex. 1 at ¶¶8–9). He fails to state underlying facts to support his conclusions, such as whether the corporation keeps separate financial records or how it maintains corporate formalities. When evidence is "uncorroborated and self-serving" without a supporting factual basis, the court will not find a "genuine issue of material fact."

*Villiarimo v. Aloha Island Air. Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *see Florez v. Sargeant*, 185 Ariz. 521, 526, 917 P.2d 250, 255 (1996) (en banc).

An officer or shareholder need not be the sole shareholder to have unity of control over a corporation. *See Firstmark Capital Corp. v. Hempel Financial Corp.*, 859 F.2d 92, 93 (9th Cir. 1988) (defendant president and chief executive officer who "owned 95% of the stock" in the corporation was found to have unity of control). There is unity of control when a defendant CEO "disregard[s] corporate formalities" and "use[s] corporate funds for his own . . . personal purposes . . . [and] ma[kes] all the important management decisions for [the corporation] including those that result[] in the corporate activity that underlies the alter ego and fraud judgment." *Id.*

Defendant Steven Kraus is the CEO of Future Health and in his affidavit, he does not deny that he is the majority owner of Future Health. (Doc. 1, Ex. 1; Doc. 1 at ¶¶6–7). Defendant Kraus does not deny that he usurped the balance of corporate assets or commingled personal and corporate funds. (Doc. 1 at ¶11). He does not deny that he negotiated Future Health's business agreement. (*Id.*). Moreover, Defendant does not deny that he used Future Health to "carr[y] out his personal and professional business." (*Id.* at ¶10). Taking Plaintiff's uncontroverted statements as true, "the separate personalities of the corporation and [its owner] cease to exist" and there is unity of control. *Bischofshausen*, 145 Ariz. at 208–09.

**B. Sanctioning Fraud or Injustice**

Plaintiff alleges that it would be unjust to allow Defendants Kraus to escape personal liability because the Future Health Defendants are "[n]othing more than the conduits through which Kraus carries out his personal and professional business." (Doc. 1 at ¶¶10–11). Plaintiff alleges that Defendants Kraus improperly used corporate funds for their personal benefit, that they committed fraud in breaching the SRPA, continued to breach it after being terminated, and created FHD to avoid the monetary obligations owed by FHI. (*Id.* at ¶¶7, 11, 47–48).

Defendant Steven Kraus's affidavit indicates that the Delaware corporation "was formed to allow for a public stock offering and investments by a greater number of shareholders." (Doc. 12, Ex. 1 at ¶10). This controverts Plaintiff's allegation that the corporation was formed to avoid FHI's debt. (Doc. 14 at 3:20–25). However, Defendant's assertion is again, an "uncorroborated and self-serving" conclusive statement without a supporting factual basis. *Villiarimo*, 281 F.3d at 1061. And, even if Plaintiff's allegations are insufficient to show fraudulent conduct, they are sufficient to show that an injustice may result from the corporate form. Because Plaintiff has sufficiently plead facts to allege the Kraues' direct involvement in Plaintiff's harm and that they operate through the corporation, it would be unjust at this point for both Krauses to be dismissed for lack of personal jurisdiction.

**CONCLUSION**

Because this Court has not required an evidentiary hearing, it is sufficient that Plaintiff has plead facts to show a prima facie case that this Court has personal jurisdiction over Defendants Kraus through the alter ego doctrine. *Ballard*, 65 F.3d at 1498. Plaintiff must still prove personal jurisdictional over the Krauses through its alter ego theory by a preponderance of evidence at a preliminary hearing. *Patterson*, 684 F.Supp.2d at 1170.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 12) is **DENIED**.

DATED this 6th day of March, 2012.

G. Murray Snow
United States District Judge